UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

PILAR SALAS,                                                    COMPLAINT

                                  Plaintiff,

                                             ECF CASE

      -against-

124 STREET MARKET, INC. d/b/a
BAGEL TREE and KENNY RYU and
JOONG WOOK AHN, individually,

                                    Defendants.
--------------------------------------------------------------------------------X

Plaintiff Pilar Salas ("Salas" or "Plaintiff") on behalf of herself through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of 124 Street Market, Inc. d/b/a Bagel Tree ("Bagel Tree"), Kenny Ryu ("Ryu") and Joong Wook Ahn ("Ahn"), individually (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1.    This is a civil action brought by the Plaintiff to recover lost wages, damages for emotional distress, punitive damages and costs as a result of being discriminated against by Defendants due to her pregnancy and gender under the New York City Human Rights Law ("NYCHRL").

2.    Plaintiff also brings this action to recover unpaid overtime compensation and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.    Plaintiff also bring this action under the Wage Theft Protection Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4.  Plaintiff seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their discrimination due to pregnancy, failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the NYCHRL, FLSA and NYLL.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6.  This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Pilar Salas**

8.  Plaintiff Pilar Salas is and was at all times relevant hereto an individual residing in the Bronx, New York.

9.  From approximately December 2017 through August 2019, Plaintiff worked as a cashier, and barista at Bagel Tree located at 245 E 124th St, New York, NY 10035.

10. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

11. Upon hiring Plaintiff, Defendants failed to furnish Plaintiff with accurate statements of wages and deductions as required under the NY Wage Theft Prevention Act.

**Defendant Joong Wook Ahn**

12. On information and belief, Ahn owns, maintains control, oversight and the direction of Bagel Tree.

13.     Defendant Ahn is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Bagel Tree.

14.     Defendant Ahn exercises sufficient control over Bagel Tree to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Bagel Tree.

15.     Defendant Ahn employed Plaintiff at all times relevant.

16.     Defendant Ahn had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Kenny Ryu**

17.     On information and belief, Ryu owns, maintains control, oversight and the direction of Bagel Tree.

18.     Defendant Ryu is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Bagel Tree.

19.     Defendant Ryu exercises sufficient control over Bagel Tree to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Bagel Tree.

20.     Defendant Ryu employed Plaintiff at all times relevant.

21.     Defendant Ryu had substantial control over Plaintiff's working conditions and practices alleged herein.

**124 Street Market, Inc. d/b/a Bagel Tree**

22.     124 Street Market, Inc. is a domestic business corporation having its principal place of business located at 245 E 124th St, New York, NY 10035.

23.     On information and belief, Defendant Ahn is the Chief Executive Officer of Bagel Tree.

24.     On information and belief, Defendant Ryu is the manager of Bagel Tree.

25.     At all times relevant to this action, Bagel Tree was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26.     On information and belief, Bagel Tree has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**Plaintiff Salas' Employment at Bagel Tree**

27.     From approximately December 2017 through August 2019, Defendants employed Plaintiff, without interruption, as a cashier and barista.

28.     Throughout Plaintiff's employment with Defendants, Plaintiff worked at Bagel Tree located at 245 E 124th St, New York, NY 10035.

29.     From approximately December 2017 through August 2019, Plaintiff consistently worked over 40 hours per week.

30.     From approximately December 2017 to April 2018, Plaintiff worked Monday to Friday.

31.     Each day, Plaintiff worked from 6:00 am to 5:00 pm.

32.     From May 2018 to October 2018, Plaintiff worked Monday to Friday.

33.     Each day, Plaintiff worked from 6:00 am to 4:00 pm.

34.     From November 2018 to April 2019, Plaintiff worked 6 days per week, Monday through Saturday.

35.     Monday to Friday Plaintiff worked from 6:00 am to 4:00 pm.

36.     On Saturdays, Plaintiff worked from 7:00 am to 4:00 pm.

37.     From May 2019 to August 5, 2019 Plaintiff worked 7 days per week.

38.     Each day, Plaintiff worked from 6:00 am to 2:00 pm.

39.     Throughout Plaintiff's employment with Defendants, Plaintiff did not receive an uninterrupted lunch break.

40.     Plaintiff was never required to "clock in" or "clock out" throughout her employment with Defendants.

**Plaintiff's Salary at Bagel Tree**

41.     From approximately December 2017 through approximately November 2018, Plaintiff was paid $15 per hour.

42.     From approximately November 2018 through August 5, 2019, Plaintiff was paid $16 per hour.

43.     Plaintiff was paid straight time for overtime.

44.     Plaintiff was not paid at the overtime rate for all the hours worked after 40 hours. Rather, she was paid at her regular hourly rate for all the hours worked.

45.     Throughout Plaintiff's employment, Defendants paid Plaintiff each week for her prior week's work in cash.

46.     At the end of each year, Ryu would require Plaintiff to sign inaccurate paperwork to attempt to give the appearance that Plaintiff was paid correctly under the FLSA and NYLL.

47.   As a condition of employment, Plaintiff had to sign these inaccurate documents.

48.   The fact that Ryu required Plaintiff to sign these documents demonstrated that Ryu, as an employer, knew of obligations under the FLSA and NYLL and knowingly chose to violate them.

**Plaintiff's Pregnancy Results in the Termination of her Employment**

49.   In December 2018, Plaintiff found out she was pregnant and immediately told Mr. Ryu that she was pregnant.

50.   Araceli Huertero ("Huertero") was an employee at Bagel Tree for approximately 7 months in 2018.

51.   Huertero left Bagel Tree in August 2018 due to personal reasons.

52.   On August 2, 2019 Plaintiff asked Ryu if Huertero could go back to work at Bagel Tree to cover for Plaintiff while she was absent after giving birth.

53.   Plaintiff also asked Ryu if she could return to her job after her maternity leave and Ryu told her that she could.

54.   On Monday August 5, 2019, Plaintiff asked Huertero to cover for her during Plaintiff's maternity leave. Huertero accepted to go back to work at Bagel Tree.

55.   On Tuesday, August 6, 2019, Plaintiff gave birth.

56.   Plaintiff called Huertero and asked her to begin covering for her.

57.   On September 12, 2019, Plaintiff went to Bagel Tree to let Ryu know that she had a doctor's appointment on September 16th to see if she could return to work.

58.   On September 16, 2019, at 9:52 am Ryu sent a text message to Plaintiff asking when Plaintiff was going to be able to work and letting her know the schedule would be Sunday to Friday, with Saturdays off.

59.	On September 16, 2019, Plaintiff's doctor gave Plaintiff approval to return to work.

60.	After the appointment with her doctor at approximately 11:00 am, Plaintiff went to Bagel Tree to talk to Ryu and let him know that she was able to go back to work on September 23rd, but she was not sure if she could work on Sundays due to her baby.

61.	Ryu told Plaintiff that she would need to work Sundays, and Plaintiff told Ryu that she would get back to him to see if she could find a babysitter for Sundays

62.	Xochitl was an employee at Bagel Tree.

63.	When Plaintiff was at Bagel Tree talking t Ryu, they were also discussing the termination of Xochitl's employment at Bagel Tree due to poor performance.

64.	On or about 1:00 pm that same day, Plaintiff called Ryu to let him know she was now available to work on Sundays, to which Mr. Ryu said, "OK".

65.	At 3:04 pm later that day, Ryu sent a text message to Plaintiff stating: "I'm sorry but I am not currently able to fire Xochitl right now so I don't think you will be able to come and work right now. Let's talk about this again in the future."  However, Xochitl was fired one week after.

66.	On October 2, 2019 Plaintiff went to Bagel Tree to drop off the key of the store. Plaintiff asked Ryu if he was sure that he did not need Plaintiff to work at Bagel Tree. Ryu told Plaintiff that he was not able to hire Plaintiff back because he was concerned that Plaintiff's newborn would prevent Plaintiff from working due to doctor appointments.

67.	Plaintiff explained to Ryu that Plaintiff's mother was the legal guardian of the baby so that she could take the baby to doctor appointments. Ryu, though, refused to let Plaintiff return to work.

**Defendants' Violations of the Wage Theft Protection Act**

68.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

69.     Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

70.     Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**NYCHRL Gender and Pregnancy Discrimination**

71.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

72.     Defendants discriminated against Plaintiff on the basis of her gender and pregnancy in violation of the NYCHRL by not allowing Plaintiff to get back to work after her maternity leave because Plaintiff became a mother.

73.     As a proximate result of Defendants' discrimination, Plaintiff has suffered monetary/economic harm.

74.    As a further proximate result of Defendants' discriminatory actions, Plaintiff suffered

severe and lasting embarrassment, humiliation, anguish and emotional distress.

### SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

75.    Plaintiff, on behalf of herself, re-alleges and incorporates by reference all allegations in

all preceding paragraphs.

76.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the

supporting federal regulations, apply to Defendants and protect Plaintiff.

77.    Plaintiff worked in excess of forty hours during her employment with Defendants in the

relevant period.

78.    Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all

hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C.

§§ 201 *et seq.*, and the supporting federal regulations.

79.    Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional.  Defendants are aware or should have been aware that the practices described

in this Complaint were unlawful.  Defendants have not made a good faith effort to

comply with the FLSA with respect to the compensation of Plaintiff.

80.    Because Defendants' violations of the FLSA have been willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

81.    As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of

overtime compensation in amounts to be determined at trial, and are entitled to recovery

of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and

other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**

82.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

84.   Defendants failed to pay Plaintiff the overtime premium of 1.5 times the regular hourly rate of pay, in violation of the NYLL.

85.   Defendants' failure to pay required overtime was willful.

86.   As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

87.   Plaintiff, on behalf of herself, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88.   Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

90.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**

91.    Plaintiff, on behalf of herself, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.    Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.    Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

11

94.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, 124 Street Market, Inc. d/b/a Bagel Tree and Kenny Ryun and Joong Wook Ahn, jointly and severally, as follows:

(a)     Damages for gender and pregnancy discrimination under the NYCHRL;

(b)     Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorney's fees, and the cost of the action;

(c)     Damages for unpaid overtime due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorney's fees, and the cost of the action;

(d)     Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e)     Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(f)    An injunction requiring Defendants to pay all statutorily required wages and cease the

unlawful activity described herein pursuant to the NYLL;

(g)    For prejudgment and post judgment interest on the foregoing amounts;

(h)    For costs and disbursements of the action, including attorney's fees; and

(i)    For such other further and different relief as the Court deems just and proper.


Dated:    November 27, 2019
New York, New York

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd floor
New York, NY 10007

*Attorney for Plaintiff*